UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 06-20951-CIV-HUCK/BANDSTRA

ILLINOIS UNION INSURANCE
COMPANY,

    Plaintiff,

v.

CLIFF BERRY, INC, JEFFREY SMITH,
MITCHELL OCEGURA, and CLIFF BERRY, II.

    Defendants.
_____/

**DEFENDANTS' RESPONSE MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGMENT**

COME NOW, the Defendants, CLIFF BERRY, INC., JEFFREY SMITH, MITCHELL OCEGURA, AND CLIFF BERRY, II., by and through the undersigned counsel, and hereby file this Response Memorandum of Law in Opposition to Plaintiff's Motion for Final Summary Judgment (DE 36) and in support thereof state the following:

**INTRODUCTION**

The Plaintiff's motion for summary judgment must be denied. The Plaintiff's analysis of the duties to defend and indemnify is flawed. Each duty should be separately considered and addressed. The Court must first address the duty to defend. The next issue is the duty to indemnify.

Clearly, the allegations contained in the Information fall within the coverage of the policy and trigger the duty to defend. Plaintiff's narrow reading of certain definitions contained in the policy do not relieve the Plaintiff of it's obligation to pay for the defense of

CASE NO.: 06-20951-CIV-HUCK/BANDSTRA

the insureds incurred as a result of the underlying Information.

The Plaintiff mistakenly relies on two exclusions in the Directors and Officers Coverage Section of the liability policy at issue in an effort to avoid the duty to defend. However, the allegations of the underlying Information must clearly and unambiguously trigger an exclusion. In the present case, the exclusions are not applicable and the Plaintiff has the duty to defend.

The Plaintiff also makes a public policy argument in an effort to avoid it's duty to defend the insureds in the underlying action. The Plaintiff's public policy argument is not persuasive because the policy specifically obligates the insurer to pay for the defense of the insureds in the underlying action and case law directs that this is not against public policy.

Finally, the Plaintiff's flawed argument regarding the duty to indemnify is without merit. The duty to indemnify is distinct and separate from the duty to defend. The court must stay the issue of the Plaintiff's duty to indemnify because the indemnity issue is not ripe. The same facts at issue in the underlying Information need to be resolved in order for this court to determine the indemnity issue. Specifically, this court cannot determine if the insureds are liable for the acts alleged in the Information without risking inconsistent findings and the State of Florida will not be bound by this court's determination. If the underlying Information is adjudicated in favor of the insureds then this court will never reach the indemnity issue.

**A. THE DUTY TO DEFEND**

The Plaintiff first argues that the allegations in the complaint could under no

CASE NO.: 06-20951-CIV-HUCK/BANDSTRA

circumstances trigger the *duty to indemnify*, because the underlying action does not seek damages.  The Plaintiff's analysis is backwards and incorrect.   Florida law clearly dictates that the duty to defend is separate and distinct from the duty to indemnify. "The distinction is important, because a duty to defend claim against an insured is greater than an insurer's duty to indemnify." *Rad Source Technologies, Inc. v. Colony National Ins. Co.*, 914 So.2d 100 6 (Fla. 4th DCA 2005).  *Northland Casualty Co. v. HBE Corp.,* 160 F.Supp.2d 1348, 1360 (M.D. Fla. 2001). The duty to defend is broader than the duty to indemnify and more extensive. *Klaesen Brothers, Inc. v. Harbor Ins. Co.*, 410 So.2d 611, 612-613 (Fla. 4th DCA 1982).  When determining the duty to defend the court must look solely at the allegations in the Information (underlying charging document) and whether they potentially fall within the coverage of the policy. *Klaeson Brothers, Inc. v. Harbor Ins. Co.*, 410 So.2d 611 (Fla. 4th DCA 1982).  Even if the complaint alleges facts partially within and partially outside the coverage of the policy, the insurer is obligated to defend the entire suit. *Grissom v. Commercial Union Ins. Co.*, 610 So.2d 1299, 1306-1307 (Fla. DCA 1992).

Therefore, this court's analysis must begin with the insuring clause and the allegations of the Information.  The insuring clause of the D&O policy at issue in this case, obligates Plaintiff to pay on behalf of the **Directors and Officers** and **Company, Loss** resulting from any **Claim** first made against the **Directors and Officers** and **Company** during the **Policy Period** for a **Wrongful Act.** (Emphasis added where said term is a defined term in the insurance policy). (See D&O (A)(1) and (3) of the policy). Florida law is well-settled that insuring or coverage clauses are construed in the broadest possible manner to effect the greatest extent of coverage. See *Westmoreland v. Lumbermens*

CASE NO.: 06-20951-CIV-HUCK/BANDSTRA

*Mutual Casualty Co.*, 704 So.2d 176,179 (Fla. 4th DCA 1997).

Next, the court looks at the definitions of the terms contained in the insuring clause. The underlying Information is a written demand for damages or other relief against these Defendants and/or a judicial proceeding in which the Defendants may be subjected to a binding adjudication of liability for damages or other relief and therefore constitutes a **Claim** under the policy. Further, **Loss** is defined as including **costs, charges and expenses**, which includes the reasonable and necessary legal fees and expenses incurred in the defense of any **claim**. Additionally, the Information contains allegations that Jeffrey Smith, Cliff Berry, II and Cliff Berry, Inc., made false representations or promises. The policy defines **Wrongful Act** as including a misleading statement. False representations or promises are misleading statements. Therefore, these allegations constitute a **Wrongful Act** and therefore trigger the duty to pay for the legal expenses and fees incurred by the insureds in defense of the Information. The Court in *National Union Fire Ins. Co. of Pittsburgh, PA. v. Brown*, 787 F. Supp. 1424 (S.D. Fla. 1991) specifically held:

> "that the directors and officers engaged in a scheme to defraud...fall within the definition of wrongful acts under the...D&O Policy. Therefore, the court concludes that the Insureds' defense costs in the pending...criminal actions are covered by the...D&O Policy." *Brown*, 787 F.Supp. 1424 at 1429 (S.D. Fla. 1991).

The Plaintiff argues that the underlying action does not meet the definition of **claim**[1],

---

[1] The definition of CLAIM provides:
2. **Claim** means:
(a) any written or oral demand for damages *or other relief* against any of the Insureds, and
(b) any judicial, administrative or arbitration proceeding initiated against any of the Insureds in which they may be subjected to a binding adjudication of liability for damages *or other relief*, including any appeal therefrom. (Emphasis Added).

4

CASE NO.: 06-20951-CIV-HUCK/BANDSTRA

or **Loss**[2] and there is no *duty to indemnify* because there is no demand for damages in the Information. However, a plain reading of the definitions of **claim** and **loss** clearly show that the policy does not require a claim for damages. The policy specifically provides that a **claim** is a written demand for damages *or other relief*. (Emphasis added).

The Plaintiff attempts to place a restrictive definition on the term "other relief", but this term is not defined in the policy. The definition of **claim** includes "other relief" which, to the man on the street and what was bargained for by the parties, means relief other than damages. "When an insurer fails to define a term in a policy...the insurer cannot take the position that there should be a 'narrow, restrictive interpretation of the coverage provided.'" *State Comprehensive Health Association v. Carmichael*, 706 So.2d 319 (Fla. 4th DCA 1979); See also *Auto Owners Ins. Co. v Anderson*, 756 So.2d 29 (Fla. 2000).

Further, **Loss** is defined as **costs, charges and expenses**, which includes the reasonable and necessary legal fees and expenses incurred in the defense of any claim. According to the Plaintiff's mistaken logic, there is no *duty to indemnify* because the policy's definition of **loss** excludes "taxes, criminal or civil fines or penalties imposed by law." However, this excluding language does not preclude coverage because there are claims for other relief and damages in the form of **costs, charges and expenses**, i.e., reasonable and necessary legal fees and expenses incurred by any of the Insureds in defense of any Claim.

Therefore, since the underlying Information potentially brings the claim under the

---

[2]The policy defines LOSS:
7.      **Loss** means damages, settlements and **Costs, Charges and Expenses**

5

CASE NO.: 06-20951-CIV-HUCK/BANDSTRA

coverage provided by the policy, the Plaintiff is obligated to pay for the defense of the insureds against the Information. The duty to defend exists even if later the true facts show there is no coverage. *Klaeson Brothers, Inc. v. Harbor Ins. Co.*, 410 So.2d 611 (Fla. 4th DCA 1982). All doubts as to whether a duty to defend exists in a particular case must be resolved against the insurer and in favor of the insured. *Grissom v. Commercial Union Ins. Co.*, 610 So.2d 1299, 1306-1307 (Fla. DCA 1992).

Plaintiff argues there is no "duty to defend" under the policy pursuant to two exclusions, D&O - C(g) and C(m). The exclusions relied on by the Plaintiff do not relieve the insurer of its obligation to pay for the defense of the insureds in the underlying action. Exclusion C(g) is not triggered until there is a final adjudication in the criminal action. Exclusion C(m) is not triggered because some of the acts sued upon in the information did not occur until after the continuity date. When an insurer relies on an exclusion to deny coverage, it has the burden of demonstrating that the allegations in the complaint are cast solely and entirely within the policy exclusions and are subject to no other reasonable interpretation. *Northland Casualty Co. v. HBE Corp.*, 160 F.Supp.2d 1348 (M.D. Fla. 2001). Additionally, it is a universal principle that an insurance exclusion must be construed in a manner which affords the broadest coverage to the insured. *Westmoreland v. Lumbermens Mutual Casualty Co.*, 704 So.2d 176,179 (Fla. 4th DCA 1997).

The Plaintiff argues that there is no duty to defend because the allegations of the underlying action trigger exclusion C(g)[3] in the policy. This exclusion states that an

---

[3] C. **EXCLUSIONS**
    g)    brought about or contributed to by:
        (i)    any dishonest, fraudulent or criminal act or omission by any of the Insureds, or
        (ii)   any personal profit by any of the Directors and Officers to which they were not legally entitled,
**as determined by a judgment or other final adjudication**; (emphasis added)

CASE NO.: 06-20951-CIV-HUCK/BANDSTRA

otherwise covered claim is excluded under the policy when brought about or contributed to/by any dishonest, fraudulent or criminal act or omission **as determined by a judgment or other final adjudication**.  (Emphasis added).

This exclusion only applies when the underlying action is resolved by judgment or final adjudication holding that the insureds actions were dishonest, fraudulent or criminal. Until there is a final adjudication of the underlying action, exclusion C(g) does not apply. In *National Union Fire Ins. Co. of Pittsburgh, PA. v. Brown*, 787 F. Supp. 1424 (S.D. Fla. 1991), the Court analyzed a similar set of circumstances and found in favor of the insured, holding that: (1) criminal defense costs were covered under the directors and officers liability policy; (2) the exclusion against fraud and dishonesty did not apply until final adjudication; and, (3) the insurer was required to pay defense costs as incurred.  The Court addressed a similar exclusion and specifically held:

> "Pursuant to the exclusion, National Union is not liable to make payment for losses arising out of claims made against the Insureds for fraud, dishonesty or criminal acts.  **The exclusion does not apply unless there is a final adjudication adverse to the Insureds that establishes fraud, dishonesty or criminal acts**." *Brown*, 787 F.Supp. 1424 at 1429 (S.D. Fla. 1991). (emphasis added).

The Plaintiff relies on the distinguishable and inapplicable case of  *National Union Fire Ins. Co. v. Goldman*, 548 So.2d 790 (Fla. 2d DCA 1989) to stand for the proposition that the insurer should not have to pay the defense fees and costs contemporaneously as incurred by the insured, but rather only if and when there is a final adjudication of the

underlying action.[4]  The Plaintiff argues that if the court determines that exclusion C(g) does not apply until final adjudication, then the Plaintiff should not have to pay the defense costs until that time.

However, *Goldman* is not applicable to the case sub judice because the policy provision at issue in *Goldman* was not the policy provision at issue in the present case. The Court in *Brown* analyzed the *Goldman* holding and specifically found, "the court in *Goldman* relied on the 'company reimbursement' section of the policy in determining that the directors...were not entitled to contemporaneous funding of the defense costs.  Here, the Insureds seek contemporaneous funding pursuant to the "directors and officers liability section...not the 'corporation reimbursement' section." *Brown*, 787 F. Supp. 1424 at 1431 (S.D. Fla. 1991). It is this same logic that distinguishes *Goldman* from the case sub judice and proves that *Goldman* is not applicable to the facts of this case.  Therefore, the Plaintiff's reliance on *Goldman* is misplaced.  Exclusion C(g) is not triggered until and unless there is a final determination in the underlying action.  Therefore, the Court must deny the Plaintiff's motion for summary judgment.

Plaintiff's argument that the allegations of the complaint trigger the "prior knowledge" exclusion, C(m)[5], is not supported by law.  In fact, the Information contains allegations that the alleged false representations or promises did not arise until June 2002, which is after

---

[4] The Plaintiff also argues that *Brown* is distinguishable from the present case because in *Brown* the underlying action contained civil and criminal claims.  However, this point is not well taken, because the court in *Brown* specifically held that the allegations that the Directors and Officers engaged in a scheme to defraud fell within the definition of wrongful act and therefore the defense costs incurred in the criminal actions were covered under the policy.

[5]  C. **EXCLUSIONS**
  m)  based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving, any **Wrongful Act** which any of the **Insureds** had knowledge of prior to the **Continuity Date** where such **Insureds** had reason to believe at the time that such known **Wrongful Act** could reasonably be expected to give rise to such **Claim**.

CASE NO.: 06-20951-CIV-HUCK/BANDSTRA

the continuity date. (See DE 39, Exhibit "C", Information dated 12/29/05, Count 14). Therefore, if the complaint alleges facts partially within and partially outside the scope of coverage, the insurer is obligated to defend the entire suit. *Trizec Properties, Inc. v. Biltmore Construction Co.*, 76 F.2d 810, 811-812 (11th Cir. 1985). Florida case law repeatedly holds that if some of the allegations in the underlying complaint fall within the coverage provision, then the insurer has the duty to defend the entire action. *Tropical Park, Inc. v. United State Fidelity and Guaranty Co.*, 357 So.2d 253, 256 (Fla. 4th DCA 1978).

    The Plaintiff has failed to meet its burden of demonstrating that the allegations in the Information are cast solely and entirely within the policy exclusion C(m) and are subject to no other reasonable interpretation. *Northland Casualty Co. v. HBE Corp.*, 160 F.Supp.2d 1348 (M.D. Fla. 2001). Therefore, exclusion C(m) does not relieve the insurer of it's duty to pay for the defense fees and costs incurred by the insureds and the court must deny the Plaintiff's Motion for Summary Judgment.

    The Plaintiff's public policy argument is groundless. Under the duty to defend analysis and based on the plain language of the policy, the Plaintiff clearly has an obligation to pay the insureds defense costs. Further, case law, directly on point, has upheld the insurer's obligation to contemporaneously pay defense costs incurred by officers and directors as a result of allegations of criminal acts.

    Specifically, in this district in the case of *National Union Fire Ins. Co. of Pittsburgh, PA. v. Brown*, 787 F. Supp. 1424 (S.D. Fla. 1991), the court found the criminal allegations that the directors and officers engaged in a scheme to defraud fell within the definition of

wrongful acts under the D&O Policy. Therefore, the court concluded the insureds' defense costs in the criminal actions are covered by the D&O Policy. The court in *Brown* specifically held that there were problems with the insurer's argument that it was not liable to pay defense costs until the underlying litigation is resolved. The court reasoned, "permitting National Union to 'wait on the sidelines' is unreasonably harsh on the insureds....It would leave directors and officers in an extremely vulnerable position. Any allegation of intentional dishonesty, no matter how groundless, could bring financial ruin upon a director or officer...This situation is unreasonably favorable to the insurers." *Brown*, 787 F.Supp. 1424 at 1433.

The Plaintiff's reliance on *Waste Corporation of America, Inc. v. Genesis Insurance Company*, 382 F.Supp.2d 1349 (S.D. Fla. 2005) is misplaced. In *Waste Corporation*, the insured was seeking indemnity for the amount paid in excess of its contractual obligations as a result of a breach of contract claim arising out of a securities claim. Waste Corporation is factually and substantively distinguishable. In *Waste Corporation* the court was asked to determine whether the insurer had the duty to indemnify it's insured for damages resulting from a breach of contract claim, not the duty to defend. The court reasoned that an insured would have the option of breaching a contract, knowing he could have coverage for any damages resulting from that breach. That is not the case here and the Plaintiff's public policy argument should be given no weight.

## B. THE DUTY TO INDEMNIFY

The court must stay the indemnity issue until there is a final resolution of the underlying action. In contrast to the duty to defend, the duty to indemnify is determined by

CASE NO.: 06-20951-CIV-HUCK/BANDSTRA

the facts as adduced at trial in the underlying action. See *Farrer v. United States Fidelity & Guaranty Co.*, 809 So.2d 85 (Fla. 4th DCA 2002). The duty to indemnify will be based on the actual facts as determined by the underlying action. In *Higgins v. State Farm Fire and Cas. Co.*, 2004 WL 2201474 (Fla. 2004), the court determined that the duty to defend issue should be determined early, but the court maintains discretion to stay the indemnity issue until the resolution of the underlying action. *Id.* at 11 referencing *International Surplus Lines Ins. Co. v. Markham*, 580 So.2d 251 (Fla. 2d DCA 1991).

The facts at issue in this case, in regards to determining the duty to indemnify, are the exact same facts that must be resolved in the underlying Information. There is no possible way for this court to determine if the Defendants are liable for committing the acts alleged in the Information. That can only be decided by the underlying court. In *Nationwide Mutual Ins. Co. v. Harrick*, 763 So.2d 1133 (Fla. 4th DCA 1999), the trial court granted the insured's motion for partial summary judgment and held that the insurer had a duty to defend, but the court could not determine the indemnity issue until factual issues were resolved in the underlying action. Similarly, in *International Surplus Lines Ins. Co. v. Markham*, 580 So.2d 251 (Fla. 2d DCA 1991), the court held that if the insurer is found to have a duty to defend, "then any determination as to its duty to indemnify should be deferred until the issue of Markham's liability is decided." Further, the fact that the State of Florida is not a party to this declaratory action raises the possibility of inconsistent adjudications and further supports that the court should stay a determination on the duty to indemnify. See *Home Ins. Co. v. Gephart*, 639 So.2d 179 (Fla. 4th DCA 1994).

If the underlying action results in a favorable outcome to the insureds, where it is

CASE NO.: 06-20951-CIV-HUCK/BANDSTRA

determined there is no liability, then this court will never need to address the issue of indemnity. In *Prudential Prop & Cas. Ins. Co. v. Calvo,* 700 F.Supp.1104 (S.D. Fla. 1988), the insurer sought a declaration as to its duties to defend and indemnify the insured in a personal injury action. The court granted the insured's motion for summary judgment on the duty to defend but deferred ruling on the insurer's duty to indemnify pending the outcome of the underlying litigation. The court reasoned, "the federal action will be rendered moot if Calvo succeeds in his defense in the state court." *Id.* at 1106.

Therefore, based on the disputed facts with regards to the duty to indemnify, the potential waste of judicial resources, the potential for inconsistent findings of fact and the lack of prejudice to any party, this court must stay the determination of the duty to indemnify and deny the Plaintiff's Motion for Summary Judgment.

**CONCLUSION**

The Plaintiff's Motion for Final Summary Judgment must be denied and the court must grant the Defendants' Motion for Partial Final Summary Judgment on the Duty to Defend and Stay the determination of the duty to indemnify until the final resolution of the underlying action. Further, the Court must enter an order requiring the Plaintiff to pay all past due defense fees and costs incurred by the Defendants and all defense fees and costs to be incurred in defending against the underlying criminal action, as well as the fees and costs incurred in defending against this declaratory action pursuant to Fl.St. § 627.428 and for all other relief this court deems just and proper.

CASE NO.: 06-20951-CIV-HUCK/BANDSTRA

**I HEREBY CERTIFY** that on this the 1st day of November, 2006 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized by CM/ECF or in some electronically Notices of Electronic Filing.

By: _____s/**Steven J. Chackman**
  **Steven J. Chackman**
  Florida Bar No.: 376851
  E-mail:  Steven@bernstein-chackman.com
  **Bonnie M. Sack**
  Florida Bar No.: 572373
  E-mail:  Bsack@bernstein-chackman.com
  **BERNSTEIN, CHACKMAN & LISS**
  P.O. Box 223340
  Hollywood, FL 33022
  (954) 986-9600 - Broward
  (305) 940-1900 - Dade
  (954) 929-1166 - Fax
  Attorneys for Defendants

CASE NO.: 06-20951-CIV-HUCK/BANDSTRA

## SERVICE LIST

ILLINOIS UNION INSURANCE COMPANY v. CLIFF BERRY, INC, JEFFREY SMITH, MITCHELL OCEGURA, and CLIFF BERRY, II.
United States District Court, Southern District of Florida

**B. Richard Young, Esq.**
Ryoung@flalawyer.net
Young, Bill, Fugett & Roumbos, P.A.
Post Office Drawer 1070
Pensacola, Florida 32591-1070
Tel: (850)432-2222
Fax: (850)432-1444
Attorney for the Plaintiff
Sent Via facsimile